UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BREZIE HUGHES, individually and on behalf of all others similarly situated,<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN HEALTH | Case No. 1:22-cv-00675<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action |

### PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

#### Summary

1. Like many other companies across the United States, Franciscan Health's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Franciscan Health's organization.

3. As a result, Franciscan Health's workers who were not exempt from the overtime requirements under federal and state law, were not paid for all hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Brezie Hughes is one such Franciscan Health worker.

5. Franciscan Health could have easily implemented a system for recording hours and paying wages to non-exempt employees until issues related to the hack were resolved.

6. But it didn't. Instead, Franciscan Health used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. Franciscan Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. The burden of the Kronos hack was made to fall on front-line workers—average Americans—who rely on the full and timely paymet of their wages to make ends meet.

9. Franciscan Health's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Indiana Minimum Wage Law (IMWL), I.C. § 22-2-2 *et seq.*, and the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5 *et seq.*

10. Hughes brings this lawsuit to recover these unpaid overtime wages and other damages owed by Franciscan Health to her and the non-overtime-exempt workers like her, who were the ultimate victims of not just the Kronos hack, but also Franciscan Health's decision to make its front line workers bear the economic burden for the hack.

11. This action seeks to recover the unpaid wages and other damages owed by Franciscan Health to all these workers, along with the penalties, interest, and other remedies provided by federal and Indiana law.

## JURISDICTION & VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Franciscan Health is headquartered in this District.

## PARTIES

15. **Plaintiff Brezie Hughes** is a natural person.

16. Hughes has been, at all relevant times, an employee of Franciscan Health.

17. Hughes has worked for Franciscan Health since September 2020.

18. Hughes's written consent is attached as Exhibit 1.

19. Hughes represents at least two groups of similarly situated Franciscan Health workers.

20. Hughes represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Franciscan Health (including any subsidiaries and alter egos) who were non-exempt under the FLSA and who worked for Franciscan Health in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

21. Hughes represents a class of similarly situated workers under Indiana law pursuant to Federal Rule of Civil Procedure 23. This "Indiana Class" is defined as:

> **All current or former hourly and salaried employees of Franciscan Health (including any subsidiaries and alter egos) who were not exempt from overtime pay and who worked for Franciscan Health in Indiana at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

22. Together, throughout this Complaint, the FLSA Collective members and Indiana Class members are referred to as the "Similarly Situated Workers."

23. **Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health ("Franciscan Health")** is a domestic corporation.

24. Franciscan Health may be served by service upon its registered agent, **Kevin D. Leahy, 1515 W. Dragoon Tr., Mishawaka, IN 46544-1290**, or by any other method allowed by law.

25. The Indiana Business ID of Franciscan Health is 197409-326.

26. Franciscan Health maintains 419 assumed names in Indiana under which it conducts business with the Indiana Business ID 197409-326.

27. The 419 assumed names under which it conducts business are some, but not all of, Franciscan Health's "alter egos."

28. For example, Fransiscan Alliance also operates under the additional Indiana Business IDs 2015042100400, 1995020977, and 1993041253.

29. The other Business IDs under which Franciscan Health, including but not limited to 2015042100400, 1995020977, and 1993041253, are also its subsidiaries and alter egos.

30. At all relevant times, Franciscan Health exerted operational control over its subsidiaries and alter egos.

31. At all relevant times, Franciscan Health substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

32. At all relevant times, Franciscan Health had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

33. Franciscan Health employed and/or jointly employed, with its subsidiaries and alter egos, Hughes and the Similarly Situated Workers.

34. Franciscan Health and its respective subsidiaries and alter egos are joint employers for purposes of the FLSA.

35. Franciscan Health and its respective subsidiaries and alter egos are joint employers for purposes of Indiana law.

## COVERAGE UNDER THE FLSA

36. At all relevant times, Franciscan Health was an employer of Hughes within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all relevant times, Franciscan Health was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all relevant times, Franciscan Health has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. During at least the last three years, Franciscan Health has had gross annual sales in excess of $500,000.

40. During at least the last three years, Franciscan Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

41. Franciscan Health employs many workers, including Hughes, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

42. The goods and materials handled, sold, or otherwise worked on by Hughes, and other Franciscan Health employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

43. Franciscan Health is a operates hospitals and medical facilities throughout Indiana.

44. Franciscan Health employs more than 18,000 workers.

45. Many of Franciscan Health's employees are paid by the non-overitme-exempt hourly and salaried workers.

46. Since at least 2021, Franciscan Health has used timekeeping software and hardware operated and maintained by Kronos.

47. On or about December 11, 2021, Kronos was hacked with ransomware.

48. The Kronos interfered with its clients, including Franciscan Health's, ability to use Kronos's software and hardware to track hours and pay employees.

49. Since the onset of the Kronos hack, Franciscan Health has not kept accurate track of the hours that Hughes and Similarly Situated Workers have worked.

50. Instead, Franciscan Health has used various methods to estimate the number of hours Hughes and Similarly Situated Workers work in each pay period.

51. For example, Franciscan Health issued paychecks based on the workers' scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

52. This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

53. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

54. Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

55. Hughes is one such employee.

56. Instead of paying Hughes for the hours she actually worked (including overtime hours), Franciscan Health simply paid based on estimates of time or pay, or based upon

arbitrary calculations and considerations **other than** Hughes's actual hours worked and regular pay rates.

57. In some instances, Hughes was paid portions of overtime hours worked, but the overtime rate was not at the proper overtime premium of at least 1.5x the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

58. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

59. Franciscan Health knows they have to pay proper overtime premiums to non-exempt hourly and salaried employees.

60. Franciscan Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

61. Franciscan Health knows it has to pay the wages it agreed to pay its employees.

62. Franciscan Health knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

63. Franciscan Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

64. Instead of accurately tracking hours and paying employees wages and overtime, Franciscan Health decided to arbitrarily pay these employees, without regard to the wages and overtime they were owed.

65. It was feasible for Franciscan Health to have its employees and managers report accurate hours so they could be paid for the work they did for the company.

66. But it chose not to do that.

67. In other words, Franciscan Health pushed the effects of the Kronos hack onto the backs of their most economically vulnerable workers, making sure that it kept the money owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

68. Hughes is one of Franciscan Health's employees who had to shoulder the burden of this decision by Franciscan Health.

69. Hughes was and is a non-exempt hourly employee of Franciscan Health.

70. Hughes regularly works over 40 hours per week for Franciscan Health.

71. Hughes's normal, pre-Kronos hack hours are reflected in Franciscan Health's records.

72. Since the Kronos hack, Franciscan Health has not paid Hughes for her actual hours worked each week.

73. Since the hack took place, Franciscan Health has not been accurately recording the hours worked by Hughes and its other workers.

74. Even though Franciscan Health has had Hughes record and submit her hours, Franciscan Health have not issued proper payment for all hours worked.

75. Even when Franciscan Health has issued payment to Hughes for any overtime, the overtime is not calculated based on Hughes's regular rates, as required by federal and Indiana law.

76. Franciscan Health was aware of the overtime requirements of the FLSA.

77. Franciscan Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Hughes.

78. Franciscan Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

79. The full overtime wages owed to Hughes and the Similarly Situated Workers became "unpaid" when the work for Franciscan Health was done—that is, on Hughes and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

80. At the time Franciscan Health failed to pay Hughes and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Franciscan Health became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

81. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

82. Even if Franciscan Health made any untimely payment of unpaid wages due and owing to Hughes or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

83. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See, e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

84. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Franciscan Health's acts and omissions resulting in the unpaid wages in the first place.

85. Hughes and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Franciscan Health under federal and Indiana law.

### COLLECTIVE ACTION ALLEGATIONS

86. Hughes incorporates all other allegations.

87. Numerous individuals were victimized by Franciscan Health's patterns, practices, and policies, which are in willful violation of the FLSA.

88. Based on her experiences and tenure with Franciscan Health, Hughes is aware that Franciscan Health's illegal practices were imposed on the FLSA Collective.

89. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

90. These employees are victims of Franciscan Health's unlawful compensation practices and are similarly situated to Hughes in terms of the pay provisions and employment practices at issue in this lawsuit.

91. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

92. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

93. Franciscan Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

94. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

95. Hughes incorporates all other allegations.

96. The illegal practices Franciscan Health imposed on Hughes were likewise imposed on the Indiana Class members.

97. Numerous other individuals who worked for Franciscan Health were were not properly compensated for all hours worked, as required by Indiana law.

98. The Indiana Class is so numerous that joinder of all members of the class is impracticable.

99. Franciscan Health imposed uniform practices and policies on Hughes and the Indiana Class members regardless of any individualized factors.

100. Based on her experience and tenure with Franciscan Health, as well as coverage of the Kronos hack, Hughes is aware that Franciscan Health's illegal practices were imposed on the Indiana Class members.

101. Indiana Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

102. Indiana Class members were all not paid their contractually agreed wages.

103. Franciscan Health's failure to pay wages and overtime compensation in accordance with Indiana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

104. Franciscan Health's failure to pay contractually agreed wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

105. Hughes's experiences are therefore typical of the experiences of the Indiana Class members.

106. Hughes has no interest contrary to, or in conflict with, the members of the Indiana Class. Like each member of the proposed class, Hughes has an interest in obtaining the unpaid wages and other damages owed under the law.

107. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

108. Absent this action, many Indiana Class members likely will not obtain redress of their injuries and Franciscan Health will reap the unjust benefits of violating Indiana law.

109. Furthermore, even if some of the Indiana Class members could afford individual litigation against Franciscan Health, it would be unduly burdensome to the judicial system.

110. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

111. The questions of law and fact common to each of the Indiana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Indiana Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b. Whether Franciscan Health's failure to pay overtime at the rates required by law violated the IMWL; and

    c. Whether Franciscan Health's failure to issue timely payment to the Indiana Class members violated the IWPS.

  112. Hughes's claims are typical of the Indiana Class members. Hughes and the Indiana Class members have all sustained damages arising out of Franciscan Health's illegal and uniform employment policies.

  113. Hughes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

  114. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

<strong>FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA</strong>

  115. Hughes incorporates each other allegation.

  116. By failing to pay Hughes and the FLSA Collective members overtime at 1.5 times their regular rates, Franciscan Health violated the FLSA. 29 U.S.C. § 207(a).

  117. Franciscan Health owe Hughes and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

  118. Franciscan Health owe Hughes and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

  119. Franciscan Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

120. Because Franciscan Health knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Franciscan Health owe these wages for at least the past three years.

121. Franciscan Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

122. Because Franciscan Health's decision not to pay overtime was not made in good faith, Franciscan Health also owes Hughes and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

123. Accordingly, Hughes and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE IMWL

124. Hughes incorporates all other allegations.

125. The conduct alleged in this Complaint violates the IMWL, I.C. § 22-2-2 *et seq.*

126. Franciscan Health was and is an "employer" within the meaning of the IMWL.

127. At all relevant times, Franciscan Health employed Hughes and the other Indiana Class members as "employees" within the meaning of the IMWL.

128. At all relevant times, Franciscan Health employed two or more employees each week.

129. The IMWL requires an employer like Franciscan Health to pay overtime to all non-exempt employees.

130. Hughes and the other Indiana Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate.

131. Within the applicable limitations period, Franciscan Health had a policy and practice of failing to pay proper overtime to the Indiana Class members for their hours worked in excess of 40 hours per week.

132. As a result of Franciscan Health's failure to pay proper overtime to Hughes and the Indiana Class members for work performed in excess of 40 hours in a workweek, Franciscan Health violated the IMWL.

133. Hughes and the Indiana Class members are entitled to overtime wages under the IMWL in an amount equal to 1.5x their regular rates of pay, attorneys' fees, costs, liquidated damages, and all other legal and equitable relief provided under the IMWL.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE IWPS

134. Hughes incorporates all other allegations.

135. The conduct alleged in this Complaint violates the IWPS, I.C. § 22-2-5 *et seq.*

136. Franciscan Health was and is an "employer" within the meaning of the IWPS.

137. At all relevant times, Franciscan Health employed Hughes and the other Indiana Class members as "employees" within the meaning of the IWPS.

138. The IMWL requires an employer like Franciscan Health to pay overtime to all non-exempt employees.

139. Franciscan Health failed to pay earned wages to Hughes and the Indiana Class members within 10 business days.

140. Franciscan Health had a policy and practice of failing make timely payemnts to the Hughes and the Indiana Class members.

141. Franciscan Health did not act in good faith in failing to pay earned wages to Hughes and the Indiana Class members and in violating the IWPS.

142. As a result of Franciscan Health's failure to pay earned wages to Hughes and the Indiana Class members within the time required by the IWPS, Franciscan Health violated the IWPS.

143. Hughes and the Indiana Class members are entitled to recover all wages due to them, liquidated damages in an amount equal to 2x of the wages due to them, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS.

### RELIEF SOUGHT

Hughes prays for judgment against Franciscan Health as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the Indiana law claims;

c. For an order finding Franciscan Health liable for violations of state and federal wage laws with respect to Hughes and all FLSA Collective and Indiana Class members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Hughes and all FLSA Collective members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties, to Hughes and all Indiana Class members covered by this case;

f. For an equitable accounting and restitution of wages due to Hughes and all FLSA Collective and Indiana Class members members covered by this case;

g. For a judgment awarding costs of this action to Hughes and all FLSA Collective and Indiana Class members covered by this case;

    h.    For a judgment awarding attorneys' fees to Hughes and all FLSA Collective and Indiana Class members covered by this case;

    i.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Hughes and all FLSA Collective and Indiana Class members covered by this case; and

    j.    For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**