UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BREZIE HUGHES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-00675-TWP-TAB |
| FRANCISCAN ALLIANCE, INC. | ) ) | |
| Defendant. | ) ) | |

## FRANCISCAN ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Franciscan Alliance, Inc. ("Franciscan"), for its Answer to Plaintiff's Class and Collective Action Complaint ("Complaint"), states as follows:

### SUMMARY

1.     Like many other companies across the United States, Franciscan Health's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

**ANSWER:**   **Franciscan admits that its Kronos timekeeping and payroll system was affected by Kronos's response to the hack of Kronos's systems in 2021. Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.**

2.     That hack led to problems in timekeeping and payroll throughout Franciscan Health's organization.

**ANSWER:**   **Franciscan admits that its Kronos timekeeping and payroll system was affected by Kronos's response to the hack of Kronos's systems in 2021. Franciscan denies the remaining allegations contained in Paragraph 2 of the Complaint.**

1

3.     As a result, Franciscan Health's workers who were not exempt from the overtime requirements under federal and state law, were not paid for all hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

**ANSWER:     Franciscan denies that its non-exempt employees were not paid for all hours worked. Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, denies the same.**

4.     Brezie Hughes is one such Franciscan Health worker.

**ANSWER:     Franciscan admits that Brezie Hughes is a non-exempt employee. Franciscan denies the remaining allegations contained in Paragraph 4 of the Complaint.**

5.     Franciscan Health could have easily implemented a system for recording hours and paying wages to non-exempt employees until issues related to the hack were resolved.

**ANSWER:     Franciscan admits that it implemented a system for recording hours and paying wages to non-exempt employees until issues related to the Kronos hack were resolved. To the extent Paragraph 5 of the Complaint suggests that Franciscan did not take any measures while issues related to the Kronos hack were resolved, Franciscan denies the allegations contained in Paragraph 5 of the Complaint.**

6.     But it didn't. Instead, Franciscan Health used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 6 of the Complaint.**

7.     Franciscan Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 7 of the Complaint.**

8. The burden of the Kronos hack was made to fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

**ANSWER:** **Franciscan denies the allegations contained in Paragraph 8 of the Complaint.**

9. Franciscan Health's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* the Indiana Minimum Wage Law (IMWL), I.C. § 22-2-2 *et seq.,* and the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5 *et seq.*

**ANSWER:** **Franciscan denies the allegations contained in Paragraph 9 of the Complaint.**

10. Hughes brings this lawsuit to recover these unpaid overtime wages and other damages owed by Franciscan Health to her and the non-overtime-exempt workers like her, who were the ultimate victims of not just the Kronos hack, but also Franciscan Health's decision to make its front line workers bear the economic burden for the hack.

**ANSWER:** **Franciscan admits the existence of this lawsuit. Franciscan denies the remaining allegations contained in Paragraph 10 of the Complaint.**

11. This action seeks to recover the unpaid wages and other damages owed by Franciscan Health to all these workers, along with the penalties, interest, and other remedies provided by federal and Indiana law.

**ANSWER:** **Franciscan admits the existence of this action. Franciscan denies the remaining allegations contained in Paragraph 11 of the Complaint.**

## JURISDICTION & VENUE

12.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

**ANSWER:     Franciscan admits the allegations contained in Paragraph 12 of the Complaint.**

13.     The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 13 of the Complaint.**

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Franciscan Health is headquartered in this District.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 14 of the Complaint.**

## PARTIES

15.     Plaintiff Brezie Hughes is a natural person.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 15 of the Complaint.**

16.     Hughes has been, at all relevant times, an employee of Franciscan Health.

**ANSWER:     Franciscan admits that Hughes is an employee of Franciscan.**

17.     Hughes has worked for Franciscan Health since September 2020.

**ANSWER:**   **Franciscan admits the allegations contained in Paragraph 17 of the Complaint.**

18.    Hughes's written consent is attached as Exhibit 1.

**ANSWER:**   **Exhibit 1 speak for itself, and Franciscan denies any allegations contained in Paragraph 18 of the Complaint that are inconsistent therewith.**

19.    Hughes represents at least two groups of similarly situated Franciscan Health workers.

**ANSWER:**   **Franciscan admits that Hughes purports to represent two classes of Franciscan employees in this action. Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.**

20.    Hughes represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Franciscan Health (including any subsidiaries and alter egos) who were nonexempt under the FLSA and who worked for Franciscan Health in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

**ANSWER:**   **Franciscan admits that Hughes purports to represent an FLSA Collective as defined in Paragraph 20 of the Complaint. Franciscan denies the remaining allegations contained in Paragraph 20 of the Complaint.**

21.    Hughes represents a class of similarly situated workers under Indiana law pursuant to Federal Rule of Civil Procedure 23. This "Indiana Class" is defined as:

> **All current or former hourly and salaried employees of Franciscan Health (including any subsidiaries and alter egos) who were not exempt from overtime pay and who worked for Franciscan Health in Indiana at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

**ANSWER:**   **Franciscan admits that Hughes purports to represent an Indiana Class as defined in Paragraph 21 of the Complaint. Franciscan denies the remaining allegations contained in Paragraph 21 of the Complaint.**

22.     Together, throughout this Complaint, the FLSA Collective members and Indiana Class members are referred to as the "Similarly Situated Workers."

**ANSWER:     Franciscan admits that the Complaint purports to define a group of Similarly Situated Workers. Franciscan denies the remaining allegations contained in Paragraph 22 of the Complaint.**

23.     Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health ("Franciscan Health") is a domestic corporation.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 23 of the Complaint.**

24.     Franciscan Health may be served by service upon its registered agent, **Kevin D. Leahy, 1515 W. Dragoon Tr., Mishawaka, IN 46544-1290**, or by any other method allowed by law.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 24 of the Complaint.**

25.     The Indiana Business ID of Franciscan Health is 197409-326.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 25 of the Complaint.**

26.     Franciscan Health maintains 419 assumed names in Indiana under which it conducts business with the Indiana Business ID 197409-326.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 26 of the Complaint.**

27.     The 419 assumed names under which it conducts business are some, but not all of, Franciscan Health's "alter egos."

**ANSWER:    Franciscan admits that it does business under the assumed names listed with the Indiana Secretary of State. Franciscan denies the remaining allegations contained in Paragraph 27 of the Complaint.**

28.    For example, Franciscan Alliance also operates under the additional Indiana Business IDs 2015042100400, 1995020977, and 1993041253.

**ANSWER:    Franciscan admits the allegations contained in Paragraph 28 of the Complaint.**

29.    The other Business IDs under which Franciscan Health, including but not limited to 2015042100400, 1995020977, and 1993041253, are also its subsidiaries and alter egos.

**ANSWER:    Franciscan admits that it does business under the Business IDs identified in Paragraph 29 of the Complaint. Franciscan denies the remaining allegations contained in Paragraph 29 of the Complaint.**

30.    At all relevant times, Franciscan Health exerted operational control over its subsidiaries and alter egos.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 30 of the Complaint.**

31.    At all relevant times, Franciscan Health substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 31 of the Complaint.**

32.    At all relevant times, Franciscan Health had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 32 of the Complaint.**

33.    Franciscan Health employed and/or jointly employed, with its subsidiaries and alter egos, Hughes and the Similarly Situated Workers.

7

**ANSWER:**   Paragraph 33 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.   Franciscan Health and its respective subsidiaries and alter egos are joint employers for purposes of the FLSA.

**ANSWER:**   Paragraph 34 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.   Franciscan Health and its respective subsidiaries and alter egos are joint employers for purposes of Indiana law.

**ANSWER:**   Paragraph 35 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

## COVERAGE UNDER THE FLSA

36.   At all relevant times, Franciscan Health was an employer of Hughes within the meaning of Section 3(d) of the FLSA, 29 U. S.C. § 203(d).

**ANSWER:**   Franciscan admits that Hughes is an employee within the meaning of the FLSA.

37.   At all relevant times, Franciscan Health was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**   Franciscan admits that it is an employer within the meaning of the FLSA.

38.   At all relevant times, Franciscan Health has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**      Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.      During at least the last three years, Franciscan Health has had gross annual sales in excess of $500,000.

**ANSWER:**      Franciscan admits the allegations contained in Paragraph 39 of the Complaint.

40.      During at least the last three years, Franciscan Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

**ANSWER:**      Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint and, therefore, denies the same.

41.      Franciscan Health employs many workers, including Hughes, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

**ANSWER:**      Franciscan admits that it employs Hughes and other employees. The remaining allegations contained in Paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42.      The goods and materials handled, sold, or otherwise worked on by Hughes, and other Franciscan Health employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

**ANSWER:**      Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient

information to admit or deny the allegations contained in Paragraph 42 of the Complaint.

FACTS

43.     Franciscan Health is a operates hospitals and medical facilities throughout Indiana.

**ANSWER:     Franciscan admits that it operates hospitals and medical facilities throughout Indiana as alleged in Paragraph 43 of the Complaint.**

44.     Franciscan Health employs more than 18,000 workers.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 44 of the Complaint.**

45.     Many of Franciscan Health's employees are paid by the non-overtime-exempt hourly and salaried workers.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 45 of the Complaint.**

46.     Since at least 2021, Franciscan Health has used timekeeping software and hardware operated and maintained by Kronos.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 46 of the Complaint.**

47.     On or about December 11, 2021, Kronos was hacked with ransomware.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 47 of the Complaint.**

48.     The Kronos interfered with its clients, including Franciscan Health's, ability to use Kronos's software and hardware to track hours and pay employees.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 48 of the Complaint.**

49.     Since the onset of the Kronos hack, Franciscan Health has not kept accurate track of the hours that Hughes and Similarly Situated Workers have worked.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 49 of the Complaint.**

50.     Instead, Franciscan Health has used various methods to estimate the number of hours Hughes and Similarly Situated Workers work in each pay period.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 50 of the Complaint.**

51.     For example, Franciscan Health issued paychecks based on the workers' scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 51 of the Complaint.**

52.     This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

**ANSWER:     Franciscan denies that its non-exempt employees were not paid for all hours worked.  Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 52 of the Complaint and, therefore, denies the same.**

53.     Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

**ANSWER:     Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the same**

54.     Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

**ANSWER:        Franciscan denies the allegations contained in Paragraph 54 of the Complaint.**

55.      Hughes is one such employee.

**ANSWER:        Franciscan denies the allegations contained in Paragraph 55 of the Complaint.**

56.      Instead of paying Hughes for the hours she actually worked (including overtime hours), Franciscan Health simply paid based on estimates of time or pay, or based upon arbitrary calculations and considerations other than Hughes's actual hours worked and regular pay rates.

**ANSWER:        Franciscan denies the allegations contained in Paragraph 56 of the Complaint.**

57.      In some instances, Hughes was paid portions of overtime hours worked, but the overtime rate was not at the proper overtime premium of at least 1.5x the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonuses.

**ANSWER:        Franciscan denies the allegations contained in Paragraph 57 of the Complaint.**

58.      In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

**ANSWER:        Franciscan denies the allegations contained in Paragraph 58 of the Complaint.**

59.      Franciscan Health knows they have to pay proper overtime premiums to nonexempt hourly and salaried employees.

**ANSWER:        Franciscan admits the allegations contained in Paragraph 59 of the Complaint.**

60.     Franciscan Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

**ANSWER:     Franciscan admits that it routinely pays workers for all overtime hours at the proper overtime rates as alleged in Paragraph 60 of the Complaint.**

61.     Franciscan Health knows it has to pay the wages it agreed to pay its employees.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 61 of the Complaint.**

62.     Franciscan Health knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

**ANSWER:     Franciscan admits that it routinely pays workers for all hours worked at the agreed-upon rates as alleged in Paragraph 62 of the Complaint.**

63.     Franciscan Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

**ANSWER:     Franciscan admits that it implemented a system for recording hours and paying wages to non-exempt employees until issues related to the Kronos hack were resolved. To the extent Paragraph 63 of the Complaint suggests that Franciscan did not take any measures while issues related to the Kronos hack were resolved, Franciscan denies the allegations contained in Paragraph 63 of the Complaint.**

64.     Instead of accurately tracking hours and paying employees wages and overtime, Franciscan Health decided to arbitrarily pay these employees, without regard to the wages and overtime they were owed.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 64 of the Complaint.**

65.     It was feasible for Franciscan Health to have its employees and managers report accurate hours so they could be paid for the work they did for the company.

13

**ANSWER:     Franciscan admits that it is up to employees to report accurate hours so they can be paid for the work they do for the company. Franciscan denies the remaining allegations contained in Paragraph 65 of the Complaint.**

66.     But it chose not to do that.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 66 of the Complaint.**

67.     In other words, Franciscan Health pushed the effects of the Kronos hack onto the backs of their most economically vulnerable workers, making sure that it kept the money owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 67 of the Complaint.**

68.     Hughes is one of Franciscan Health's employees who had to shoulder the burden of this decision by Franciscan Health.

**ANSWER:     Franciscan admits that Hughes is one of Franciscan's employees. Franciscan denies the remaining allegations contained in paragraph 68 of the Complaint.**

69.     Hughes was and is a non-exempt hourly employee of Franciscan Health.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 69 of the Complaint.**

70.     Hughes regularly works over 40 hours per week for Franciscan Health.

**ANSWER:     Franciscan admits the allegations contained in Paragraph 70 of the Complaint.**

71.     Hughes's normal, pre-Kronos hack hours are reflected in Franciscan Health's records.

**ANSWER:**      **Franciscan admits the allegations contained in Paragraph 71 of the Complaint.**

72.      Since the Kronos hack, Franciscan Health has not paid Hughes for her actual hours worked each week.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 72 of the Complaint.**

73.      Since the hack took place, Franciscan Health has not been accurately recording the hours worked by Hughes and its other workers.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 73 of the Complaint.**

74.      Even though Franciscan Health has had Hughes record and submit her hours, Franciscan Health have not issued proper payment for all hours worked.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 74 of the Complaint.**

75.      Even when Franciscan Health has issued payment to Hughes for any overtime, the overtime is not calculated based on Hughes's regular rates, as required by federal and Indiana law.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 75 of the Complaint.**

76.      Franciscan Health was aware of the overtime requirements of the FLSA.

**ANSWER:**      **Franciscan admits the allegations contained in Paragraph 76 of the Complaint.**

77.      Franciscan Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Hughes.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 77 of the Complaint as they relate to Hughes. Franciscan is without sufficient information**

15

to admit or deny the remaining allegations contained in Paragraph 77 of the Complaint and, therefore, denies the same.

78.     Franciscan Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

**ANSWER:**     **Franciscan denies the allegations contained in Paragraph 78 of the Complaint.**

79.     The full overtime wages owed to Hughes and the Similarly Situated Workers became "unpaid" when the work for Franciscan Health was done—that is, on Hughes and the Similarly Situated Workers' regular paydays. *E.g., Martin v. United States,* 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States,* 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac—GMC, Inc.,* 765 F.2d 1570, 1579 (11th Cir.1985), *modified,* 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton,* 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.,* 140 F.2d 826, 828 (7th Cir.1944).

**ANSWER:**     **Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 79 of the Complaint.**

80.     At the time Franciscan Health failed to pay Hughes and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Franciscan Health became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

**ANSWER:**     **Franciscan denies the allegations contained in Paragraph 80 of the Complaint.**

81.     In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir.1993).

16

**ANSWER:**      Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 81 of the Complaint.

82.      Even if Franciscan Health made any untimely payment of unpaid wages due and owing to Hughes or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

**ANSWER:**      Franciscan admits that its payment of wages is not subject to the supervision of the Department of Labor or any court. Franciscan denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.      The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See, e.g., Seminiano v. Xyris Enterp., Inc.,* 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-54 (11th Cir. 1982).

**ANSWER:**      Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in paragraph 83 of the Complaint.

84.      Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Franciscan Health's acts and omissions resulting in the unpaid wages in the first place.

**ANSWER:**      Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 84 of the Complaint.

85.      Hughes and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Franciscan Health under federal and Indiana law.

**ANSWER:**      Franciscan denies the allegations contained in Paragraph 85 of the Complaint as they relate to Hughes. Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 85 of the Complaint and, therefore, denies the same.

## COLLECTIVE ACTION ALLEGATIONS

86.     Hughes incorporates all other allegations.

> **ANSWER:**     **Franciscan incorporates by reference its answers contained in Paragraphs 1-85 as if fully set forth herein.**

87.     Numerous individuals were victimized by Franciscan Health's patterns, practices, and policies, which are in willful violation of the FLSA.

> **ANSWER:**     **Franciscan denies the allegations contained in Paragraph 87 of the Complaint.**

88.     Based on her experiences and tenure with Franciscan Health, Hughes is aware that Franciscan Health's illegal practices were imposed on the FLSA Collective.

> **ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 88 of the Complaint regarding Hughes' purported knowledge and, therefore, denies the same. Franciscan denies the remaining allegations contained in Paragraph 88 of the Complaint.**

89.     The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

> **ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 89 of the Complaint and, therefore, denies the same.**

90.     These employees are victims of Franciscan Health's unlawful compensation practices and are similarly situated to Hughes in terms of the pay provisions and employment practices at issue in this lawsuit.

> **ANSWER:**     **Franciscan denies the allegations contained in Paragraph 90 of the Complaint.**

91.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 91 of the Complaint.**

92.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

**ANSWER:     Paragraph 92 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 92 of the Complaint.**

93.     Franciscan Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

**ANSWER:     Franciscan denies the allegations contained in Paragraph 93 of the Complaint.**

94.     The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**ANSWER:     Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 94 of the Complaint.**

## CLASS ACTION ALLEGATIONS

95.     Hughes incorporates all other allegations.

**ANSWER:     Franciscan incorporates by reference its answers contained in Paragraphs 1-94 as if fully set forth herein.**

96.     The illegal practices Franciscan Health imposed on Hughes were likewise imposed on the Indiana Class members.

**ANSWER:**     **Franciscan denies the allegations contained in Paragraph 96 of the Complaint.**

97.     Numerous other individuals who worked for Franciscan Health were were not properly compensated for all hours worked, as required by Indiana law.

**ANSWER:**     **Franciscan denies the allegations contained in Paragraph 97 of the Complaint.**

98.     The Indiana Class is so numerous that joinder of all members of the class is impracticable.

**ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 98 of the Complaint and, therefore, denies the same.**

99.     Franciscan Health imposed uniform practices and policies on Hughes and the Indiana Class members regardless of any individualized factors.

**ANSWER:**     **Franciscan denies the allegations contained in Paragraph 99 of the Complaint.**

100.     Based on her experience and tenure with Franciscan Health, as well as coverage of the Kronos hack, Hughes is aware that Franciscan Health's illegal practices were imposed on the Indiana Class members.

**ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 100 of the Complaint regarding Hughes' purported knowledge and, therefore, denies the same. Franciscan denies the remaining allegations contained in Paragraph 100 of the Complaint.**

101.     Indiana Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

**ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 101 of the Complaint and, therefore, denies the same.**

20

102.    Indiana Class members were all not paid their contractually agreed wages.

**ANSWER:    Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 102 of the Complaint and, therefore, denies the same.**

103.    Franciscan Health's failure to pay wages and overtime compensation in accordance with Indiana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 103 of the Complaint.**

104.    Franciscan Health's failure to pay contractually agreed wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 104 of the Complaint.**

105.    Hughes's experiences are therefore typical of the experiences of the Indiana Class members.

**ANSWER:    Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 105 of the Complaint and, therefore, denies the same.**

106.    Hughes has no interest contrary to, or in conflict with, the members of the Indiana Class. Like each member of the proposed class, Hughes has an interest in obtaining the unpaid wages and other damages owed under the law.

**ANSWER:    Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 106 of the Complaint and, therefore, denies the same.**

21

107.    A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

> **ANSWER:**     Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 107 of the Complaint.

108.    Absent this action, many Indiana Class members likely will not obtain redress of their injuries and Franciscan Health will reap the unjust benefits of violating Indiana law.

> **ANSWER:**     Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 108 of the Complaint.

109.    Furthermore, even if some of the Indiana Class members could afford individual litigation against Franciscan Health, it would be unduly burdensome to the judicial system.

> **ANSWER:**     Paragraph 109 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 109 of the Complaint.

110.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

> **ANSWER:**     Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 110 of the Complaint.

111.    The questions of law and fact common to each of the Indiana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> a)    Whether the Indiana Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a work week;
>
> b)    Whether Franciscan Health's failure to pay overtime at the rates required by law violated the IMWL; and

c)      Whether Franciscan Health's failure to issue timely payment to the Indiana Class members violated the IWPS.

**ANSWER:      Paragraph 111 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 111 of the Complaint.**

112.    Hughes's claims are typical of the Indiana Class members. Hughes and the Indiana Class members have all sustained damages arising out of Franciscan Health's illegal and uniform employment policies.

**ANSWER:      Franciscan denies the allegations contained in Paragraph 112 of the Complaint.**

113.    Hughes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

**ANSWER:      Franciscan is without sufficient information to admit or deny the allegation in Paragraph 113 of the Complaint regarding Hughes' purported knowledge and, therefore, denies the same. Paragraph 113 also states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the remaining allegations contained in Paragraph 113 of the Complaint.**

114.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**ANSWER:      Paragraph 114 states a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in Paragraph 114 of the Complaint.**

**FIRST CAUSE OF ACTION – VIOLATIONS OF THE FLSA**

115.    Hughes incorporates each other allegation.

**ANSWER:      Franciscan incorporates by reference its answers contained in Paragraphs 1-114 as if fully set forth herein.**

23

116.    By failing to pay Hughes and the FLSA Collective members overtime at 1.5 times their regular rates, Franciscan Health violated the FLSA. 29 U.S.C. § 207(a).

**ANSWER:**    **Franciscan denies the allegations contained in Paragraph 116 of the Complaint.**

117.    Franciscan Health owe Hughes and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

**ANSWER:**    **Franciscan denies the allegations contained in Paragraph 117 of the Complaint.**

118.    Franciscan Health owe Hughes and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

**ANSWER:**    **Franciscan denies the allegations contained in Paragraph 118 of the Complaint.**

119.    Franciscan Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

**ANSWER:**    **Franciscan denies the allegations contained in Paragraph 119 of the Complaint.**

120.    Because Franciscan Health knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Franciscan Health owe these wages for at least the past three years.

**ANSWER:**    **Franciscan denies the allegations contained in Paragraph 120 of the Complaint.**

121.    Franciscan Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

> **ANSWER:** **Franciscan denies the allegations contained in Paragraph 121 of the Complaint.**

122.    Because Franciscan Health's decision not to pay overtime was not made in good faith, Franciscan Health also owes Hughes and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

> **ANSWER:** **Franciscan denies the allegations contained in Paragraph 122 of the Complaint.**

123.    Accordingly, Hughes and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

> **ANSWER:** **Franciscan denies the allegations contained in Paragraph 123 of the Complaint.**

## SECOND CAUSE OF ACTION – VIOLATIONS OF THE IMWL

124.    Hughes incorporates all other allegations.

> **ANSWER:** **Franciscan incorporates by reference its answers contained in Paragraphs 1-123 as if fully set forth herein.**

125.    The conduct alleged in this Complaint violates the IMWL, I.C. § 22-2-2 *et seq.*

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 125 of the Complaint.**

126.    Franciscan Health was and is an "employer" within the meaning of the IMWL.

> **ANSWER:** **Franciscan admits it is an employer within the meaning of the IMWL as alleged in Paragraph 126 of the Complaint.**

127.    At all relevant times, Franciscan Health employed Hughes and the other Indiana Class members as "employees" within the meaning of the IMWL.

25

     **ANSWER:     Franciscan admits that Hughes and its other employees are employees within the meaning of the IMWL as alleged in Paragraph 129 of the Complaint.**

128.     At all relevant times, Franciscan Health employed two or more employees each week.

     **ANSWER:     Franciscan admits the allegations contained in Paragraph 128 of the Complaint.**

129.     The IMWL requires an employer like Franciscan Health to pay overtime to all non-exempt employees.

     **ANSWER:     Franciscan admits that its non-exempt employees are to be paid overtime for all hours worked over 40 in a workweek. Franciscan is without sufficient information to admit or deny the remaining allegations contained in Paragraph 129 of the Complaint and, therefore, deny the same.**

130.     Hughes and the other Indiana Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate.

     **ANSWER:     Franciscan admits that its non-exempt employees are to be paid overtime for all hours worked over 40 in a workweek. Franciscan denies the remaining allegations contained in Paragraph 130 of the Complaint.**

131.     Within the applicable limitations period, Franciscan Health had a policy and practice of failing to pay proper overtime to the Indiana Class members for their hours worked in excess of 40 hours per week.

     **ANSWER:     Franciscan denies the allegations contained in Paragraph 131 of the Complaint.**

132.     As a result of Franciscan Health's failure to pay proper overtime to Hughes and the Indiana Class members for work performed in excess of 40 hours in a workweek, Franciscan Health violated the IMWL.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 132 of the Complaint.**

133.    Hughes and the Indiana Class members are entitled to overtime wages under the IMWL in an amount equal to 1.5x their regular rates of pay, attorneys' fees, costs, liquidated damages, and all other legal and equitable relief provided under the IMWL.

**ANSWER:**      **Franciscan denies the allegations contained in Paragraph 133 of the Complaint.**

### THIRD CAUSE OF ACTION – VIOLATIONS OF THE IWPS

134.    Hughes incorporates all other allegations.

**ANSWER:**      **Franciscan incorporates by reference its answers contained in Paragraphs 1-133 as if fully set forth herein.**

135.    The conduct alleged in this Complaint violates the IWPS, I.C. § 22-2-5 *et seq.*

**ANSWER:**      **Franciscan denies the allegations contained in paragraph 135 of the Complaint.**

136.    Franciscan Health was and is an "employer" within the meaning of the IWPS.

**ANSWER:**      **Franciscan admits it is an employer within the meaning of the IWPS as alleged in Paragraph 136 of the Complaint.**

137.    At all relevant times, Franciscan Health employed Hughes and the other Indiana Class members as "employees" within the meaning of the IWPS.

**ANSWER:**      **Franciscan admits that Hughes and its other employees are employees within the meaning of the IWPS as alleged in Paragraph 137 of the Complaint.**

138.    The IMWL requires an employer like Franciscan Health to pay overtime to all non-exempt employees.

**ANSWER:**      **Franciscan admits that its non-exempt employees are to be paid overtime for all hours worked over 40 in a workweek. Franciscan is without sufficient**

27

**information to admit or deny the remaining allegations contained in Paragraph 138 of the Complaint and, therefore, deny the same.**

139.    Franciscan Health failed to pay earned wages to Hughes and the Indiana Class members within 10 business days.

**ANSWER:    Franciscan is without sufficient information to admit or deny the allegations contained in Paragraph 139 of the Complaint and, therefore, denies the same.**

140.    Franciscan Health had a policy and practice of failing make timely payments to the Hughes and the Indiana Class members.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 140 of the Complaint.**

141.    Franciscan Health did not act in good faith in failing to pay earned wages to Hughes and the Indiana Class members and in violating the IWPS.

**ANSWER:    Franciscan denies the allegations contained in paragraph 141 of the Complaint.**

142.    As a result of Franciscan Health's failure to pay earned wages to Hughes and the Indiana Class members within the time required by the IWPS, Franciscan Health violated the IWPS.

**ANSWER:    Franciscan denies the allegations contained in Paragraph 142 of the Complaint.**

143.    Hughes and the Indiana Class members are entitled to recover all wages due to them, liquidated damages in an amount equal to 2x of the wages due to them, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS.

**ANSWER:    Franciscan denies the allegations contained in paragraph 143 of the Complaint.**

## AFFIRMATIVE DEFENSES

1.      Franciscan denies all allegations in Plaintiff's Complaint not heretofore specifically admitted or denied.

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.      The claims of Plaintiff and any putative class members are barred to the extent they lack standing to pursue those claims.

4.      The claims of Plaintiff and any putative class members are barred, in whole or in part, by the doctrines of accord and satisfaction, setoff and/or payment and release.

5.      The claims of Plaintiff and any putative class members are barred, in whole or in part, by the doctrine of unclean hands.

6.      The claims of Plaintiff and any putative class members are barred to the extent they violated Franciscan's policies and procedures.

7.      The claims of Plaintiff and any putative class members are barred to the extent they failed to mitigate their damages, if any.

8.      The claims of Plaintiff and any putative class member are barred to the extent they are not entitled to overtime pay because they did not work over forty (40) hours in a workweek.

9.      Discovery and investigation are incomplete, and Franciscan does not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable. Franciscan therefore reserves the right to add additional affirmative defenses and other defenses as may be applicable and appropriate during the pendency of this action.

**WHEREFORE**, Franciscan prays that Plaintiff take nothing by way of her Complaint and for all other appropriate relief.

Respectfully submitted,

/s/ Amy J. Adolay
Amy J. Adolay, Atty. No. 23147-49
Krieg DeVault LLP
12800 North Meridian Street, Suite 300
Carmel, IN  46032
Telephone: (317) 238-6330
Facsimile: (317) 636-1507
E-Mail: aadolay@kdlegal.com

Libby Y. Goodknight, Atty. No. 20880-49
Hilary K. Leighty, Atty. No. 36273-49
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204
Telephone: (317) 238-6315 (Libby Y. Goodknight)
Telephone: (317) 238-6257 (Hilary K. Leighty)
Facsimile: (317) 636-1507
E-Mail: lgoodknight@kdlegal.com
          hleighty@kdlegal.com

*Attorneys for Defendant Franciscan Alliance, Inc.*

KD_13927618_4.docx