# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BREZIE HUGHES, individual and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:22-cv-00675-TWP-TAB ) |
| FRANCISCAN ALLIANCE, INC., d/b/a FRANCISCAN HEALTH, | ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff Brezie Hughes' Unopposed Motion for Final Approval of Class Action Settlement (the "Motion") (Filing No. 63).

The Court previously entered its Order preliminarily approving the class action settlement between Brezie Hughes ("Hughes"), individually and on behalf of all others similarly situated, and Franciscan Alliance, Inc. ("Franciscan Alliance") (collectively, "the Parties"), and approving notice to potential class members ("the Notice"). (Filing No. 60.) The terms of the settlement are set forth in the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to the Motion (Filing No. 63-1). All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement.

The Court has reviewed and considered the Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the Parties. The Court has considered whether the settlement is fair, reasonable, and adequate.

Having done so, the Court finds that the Motion should be, and hereby is, **GRANTED**.

Therefore, it is **ORDERED**:

1. The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and the class.

2. The terms of the Settlement Agreement are approved as being fair, reasonable, and adequate to the class members.

3. The Court approves the Settlement Agreement, attached as Exhibit A to the Motion.

4. This Order utilizes the definitions in the Settlement Agreement, and all capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement, unless otherwise defined.

5. The Court previously certified the following class pursuant to Rule 23(b)(3) for settlement purposes:

> All current or former employees of Franciscan Alliance, Inc. who were non-exempt under the FLSA [Fair Labor Standards Act] and worked for Franciscan Alliance, Inc. in Indiana or Illinois at any time during the Kronos Outage. (*See* Filing No. 60 at 1.)

6. The Court further previously certified the following FLSA Collective pursuant to 29 U.S.C. 216(b) for settlement purposes:

> All current or former employees of Franciscan Alliance, Inc. who were non-exempt under the FLSA and worked for Franciscan Alliance, Inc. in Indiana or Illinois at any time during the Kronos Outage. (*See Id*. at 2.)

7. The Notice (*see* Filing No. 58-3) provided to class members pursuant to the terms of the Settlement Agreement and the Court's Order Preliminarily Approving Settlement (*see* Filing No. 60) fully and accurately informed class members of all material elements of the Settlement Agreement and constituted valid, sufficient, and due notice to all class members. The Notice and the notice process fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

8. Pursuant to the terms of the Settlement Agreement, Franciscan Alliance agreed to pay $2,800,000 into a Settlement Fund to make payments to the Class and Collective Members,

the Settlement Administrator, the service award to Hughes in the amount of $5,000, and Class Counsel's attorneys' fees and expenses.

9. Absent any appeal, the effective date of the Settlement Agreement will be thirty (30) days after entry of this Order.

10. On or before the 14th day following the entry of this Order, Franciscan Alliance shall deposit all funds owed under the Settlement Agreement to the Settlement Administrator.

11. On or before the 21st day after the effective date of the Settlement Agreement, the Settlement Administrator shall disburse all payments to the Class and Collective Members and Class Counsel under the Settlement Agreement.

12. Checks issued by the Settlement Administrator will be valid for 180 days from issuance.

13. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Class and Collective Members risked losing on the merits because their claims turn on the resolution of unsettled issues regarding whether Franciscan Alliance's handling of the Kronos Outage violated the FLSA, 29 U.S.C. § 201 *et seq.*, the Indiana Wage Payment Statute, I.C. § 22-2-5 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, and/or the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* The claims and distribution process is effective and fair. The settlement was negotiated at arms' length with the assistance of a third-party mediator. Class Counsel find the settlement to be in the best interest of class members. Only one potential class member objected to the settlement, and that objection is overruled. In addition, the Court finds that Hughes and Class Counsel adequately represented the class members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts,

as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the Court has considered the criteria set forth in Federal Rule of Civil Procedure 23(e).

14. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

15. The Settlement Administrator executed the notice process according to the terms of the Settlement Agreement. The Notice apprised Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the class under the Settlement Agreement; of the *res judicata* effect on class members and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to class members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Court has afforded a full opportunity to all class members to be heard. Accordingly, the Court determines that all class members are bound by this Final Approval Order and the Judgment.

16. The Court approves payment of attorneys' fees in the amount of $933,333.33 and reimbursement of litigation expenses to Class Counsel in the amount of $6,950.04. These amounts shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by Class and Collective Members.

17. The Court approves a service award payment of $5,000 for Hughes, the class representative, and finds the amount to be reasonable in light of the services performed by the class representatives for the classes. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Franciscan Alliance of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Franciscan Alliance in connection with any transaction, event, or occurrence. Neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action,

19. Hughes, the FLSA Collective Members who cash, deposit, or otherwise negotiate their checks, and the Rule 23 Class Members, regardless of whether they cash, deposit, or otherwise negotiate their checks, are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all claims as specified in section 3 of the Settlement Agreement. Hughes, the FLSA Collective Members who cash, deposit, or otherwise negotiate their checks, and the Rule 23 Class Members, regardless of whether they cash, deposit, or

otherwise negotiate their checks, are barred from prosecuting against the Releasees any and all claims as specified in section 3 of the Settlement Agreement.

20. If the effective date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and therefore this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

21. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

22. Pursuant to section 11(d) of the Settlement Agreement, following the expiration date for the redemption of settlement checks, the Parties shall file a declaration from the Settlement Administrator listing all persons who cashed, deposited, or otherwise negotiated their settlement checks. The list shall serve as consent to join this action pursuant to 29 U.S.C. § 216(b).

23. Following the filing of the consents, as specified in paragraph ¶ 22, the Court will dismiss this action with prejudice, unless any party shows cause why the Court should not do so.

**SO ORDERED.**

Date: 3/5/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

C. Ryan Morgan
MORGAN & MORGAN PA
rmorgan@forthepeople.com

Matthew Scott Parmet
PARMET PC
matt@parmet.law

6

Amy Joan Adolay
KREIG DeVAULT LLP
aadolay@kdlegal.com

Hilary Kathryn Leighty
KREIG DeVAULT LLP
hleighty@kdlegal.com

Libby Yin Goodknight
KREIG DeVAULT LLP
lgoodknight@kdlegal.com